IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | :  CIVIL ACTION NO. 22-CV-5258 |
| TARANI ALIKE JOHNSON | : |

**MEMORANDUM**

Plaintiff Tarani Alike Johnson brings this *pro se* civil action. Johnson has moved to proceed *in forma pauperis*. For the following reasons, the Court will grant Johnson leave to proceed *in forma pauperis* and the case will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.  **FACTUAL ALLEGATIONS**

Johnson submitted to the Court a "Notice of Registration of Foreign Judgment Pursuant to [28 U.S.C. § 1963]." ECF No. 1. Attached to the Notice is a document from a New York state court that appears to reflect, *inter alia*, a name change. Although this submission was deficient as a complaint in a civil action in a number of respects, in an abundance of caution and in accordance with its responsibilities pursuant to Federal Rule of Civil Procedure 5, the Clerk of Court treated Johnson's submission as a complaint, opened a civil action, and assigned the matter to the undersigned for review. Because Johnson failed to file a proper complaint as required by Federal Rule of Civil Procedure 3, and because she failed to pay the required fees or seek leave to proceed *in forma pauperis*, she was ordered to do so. Johnson subsequently filed a "Petition for the Decree of a Full Accounting of, and Equitable Right of Redemption to Wind up the Tarani Alike Johnson, Estate," which the Court construes as an Amended Complaint. ECF No.

5. Johnson submitted other miscellaneous pleadings[1] as well as an application to proceed *in forma pauperis*.  ECF No. 16.

Johnson's Amended Complaint is fanciful and largely unintelligible, consisting of irrelevant legalisms, oblique references, and meaningless jargon.[2]  Named as Defendant is "Michelle Henry dba MICHELLE HENRY, ACTING ATTORNEY GENERAL DEPUTY ALIEN PROPERTY CUSTODIAN."  Johnson attempts to invoke this Court's equity jurisdiction in accordance with the Pennsylvania Constitution and the Holy Bible.  She appears to refer obliquely to alleged wrongs that have been committed against her, but she does so in a manner that makes it impossible to decipher the basis of the legal claims she seeks to bring.  While the vague, alleged wrongs may concern a judgment against her and writ of execution directing her to

---

[1] ECF No. 6 ("Request for Emergency Hearing with Lord Chancellor Beetlestone under 50 U.S.C. §4332"); ECF No. 7 ("Notice of Appearance"); ECF No. 8 ("Cease and Desist Order"); ECF No. 9 ("Notice of Trustees"); ECF No. 10 ("Notice of Beneficial Owner and Guardian"); ECF No. 11 ("Instructions to Handle Claim"); ECF No. 12 ("Peace Offer and Prayer of Forgiveness"); ECF No. 13 ("Claim for Property from Alien Property Custodian"); ECF No. 14 ("Affidavit of Intentional Act"); ECF No. 15 ("Affidavit of Intentional Act").

[2] Although she references an estate and various trusts throughout her submissions, the Court understands Tarani Alike Johnson, the individual, to be the Plaintiff.  The Court notes that "[a]lthough an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court."  *Murray ex rel. Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018).  "The federal courts 'have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.'"  *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (*per curiam*) (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008)).  In the context of an estate, "[i]f an estate has one or more beneficiaries besides the administrator, then the case is not the administrator's own because the interests of other parties are directly at stake," such that a non-attorney administrator or executor may not represent the estate.  *Murray*, 901 F.3d at 171.  Furthermore, an artificial entity may only appear in federal court through licensed counsel.  *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.  As the courts have recognized, the rationale for that rule applies equally to all artificial entities." (citations omitted)); *see also Marin v. Leslie*, 337 F. App'x 217, 220 (3d Cir. 2009) (*per curiam*) (trustee pursuing claims on behalf of a trust may not appear *pro se*).

Furthermore, only a natural person may qualify for treatment *in forma pauperis* under 28 U.S.C. § 1915.  *See Rowland*, 506 U.S. at 196 (neither an estate nor a trust may proceed in forma pauperis).  Thus, if an estate is the plaintiff in a case, licensed counsel must enter an appearance on its behalf and it must pay the necessary fees to commence a civil action.  Because the Court ultimately determines that the allegations regarding artificial entities are frivolous, construing the Amended Complaint liberally, the Court will deem the case brought by Johnson the individual so that she may qualify to proceed *pro se* and enjoy the privilege of proceeding *in forma pauperis*.

sell a property (*see* ECF No. 17), Johnson does not set forth any valid basis as to the nature of her legal claims.

To illustrate: Johnson claims that she is "the Heir, Sole Beneficiary and equitable Owner by nature of the Name and Estate of 'TARANI ALIKE JOHNSON' and all derivations of that name similarly scribed compatinum."  She further contends that she has been "fatally prejudiced . . . due to mistaken identity, and a presumption of civil death," and that "multiple trusts have arisen and *are now established* as a result of both direct in personum interactions as well as false presumptive claims levied against the TARANI ALIKE JOHNSON, ESTATE by multiple third party interlopers and trespassers onto the estate, whereby trust res has been tampered with."  She refers to herself as a "private, non-statutory inhabitant and 'natural' person on the land of Philadelphia County, state of Pennsylvania" and calls herself an "heir to the 'Promise' and Beneficiary of the Creator's Promise according to the book of Galatians Chapter 4 verses 1 through 7."  Referring to the document from a New York court appearing to reflect a name change, attached to her initial filing, Johnson claims that she "has terminated the Guardian/Ward relationship between herself and the State of New York and Pennsylvania as demonstrated by the Exemplified Decree issued to her on October 22, 2022 (Supreme Court State of New York, Queens County; Cause # 700534/2021)."  Johnson further asserts, incorrectly, that this "decree" was "accepted and lodged as a Foreign Judgement in this court."

Johnson seeks to have the Court "enforce the Foreign Decree . . . and conduct a full accounting of the TARANI ALIKE JOHNSON®©, ESTATE for the total valuation of trust res" and, *inter alia*, to "grant full equitable relief of all debts and encumbrances attached to the estate."

3

## II.   STANDARD OF REVIEW

The Court will grant Johnson leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) applies.  Section 1915(e)(2)(B)(i) requires the Court to dismiss the Amended Complaint if it is frivolous.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in Section 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*  Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . ." *Id.* at 327.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  As Johnson is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.   DISCUSSION

Johnson's Amended Complaint, even when liberally construed, is frivolous and fails to state a legal basis for any claim within the Court's jurisdiction.  Other than irrelevant assertions, misplaced legalisms, and sovereign-citizen verbiage, Johnson asserts no facts to demonstrate any viable cause of action.  "[L]egal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" has been rejected by courts throughout the country as legally frivolous. *See United States v. Wunder*, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) (listing cases); *Thompson v. Yolanda Denise Thompson Soc. Sec. Tr.*, 2020 WL

4570707, at *1 (E.D. Pa. Aug. 7, 2020) (dismissing complaint using sovereign citizen verbiage as frivolous); *see also Banks v. Fla.*, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) ("[T]he arguments and legal theories espoused by sovereign citizens have been consistently rejected as 'utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars.'" (citation omitted)).

### IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Johnson's Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous.  Leave to amend will not be given as any attempt to amend would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate order will follow.

BY THE COURT:

/s/Wendy Beetlestone, J.
_____
**WENDY BEETLESTONE, J.**